IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKE BUXTON, GK-7216, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:09-cv-1626 |
| | ) | |
| THE COMMONWEALTH OF | ) | |
| PENNSYLVANIA, et al., | ) | |
| Respondents. | ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Mike Buxton for a writ of habeas corpus be dismissed for failure to exhaust the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Mike Buxton, an inmate at the State Correctional Institution at Cresson has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Buxton is presently serving a one to five year sentence imposed upon his pleas of guilty at No. 898 Cr. of 2007, and a six month to five year sentence imposed at No. 344 Cr. of 2005 in

the Court of Common Pleas of Lawrence County, Pennsylvania.[1] An appeal was taken to the

Superior Court and "withdrawn due to prejudice."[2]  The petitioner now comes before this Court

seeking either the vacation of both sentences and an order for him to be resentenced or that he be

readmitted to parole.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that
the applicant has exhausted the remedies available in the courts of the State, or
that there is either an absence of available State corrective process or the existence
of circumstances rendering such process ineffective to protect the rights of the
prisoner.

This statute represents a codification of the well-established concept which requires that

before a federal court will review any allegations raised by a state prisoner, those allegations

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411

U.S. 475 (1973); Braden v.  30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973);

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would

be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez,

supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir.  1995).

If it appears that there are available state court remedies, the court must determine

whether a procedural default has occurred. If a procedural default has occurred, the court must

_____

[1] See: Petition at ¶¶ 1-6.

[2] See: Petition at ¶ 9(g). The Lawrence County docket sheet reveals that sentence was
imposed in the 2007 case on March 25, 2008 and no appeal was pursued,  and the 2005 case is
presently the subject of an appeal from the denial of post-conviction relief which was filed in the
Superior Court on April 6, 2009.

determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is clear that the petitioner presently has an appeal pending in the

Superior Court on the 2005 conviction and he is apparently seeking leave to file a post-conviction petition nunc pro tunc in the 2007 conviction.[3]  Despite some confusion in the record, what is clear is that the petitioner has failed to exhaust the available state court remedies and that his petition here is premature.

Accordingly, it is recommended that the petition of Mike Buxton for a writ of habeas corpus be dismissed, for failure to exhaust the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                                        Respectfully submitted,

                                        s/Robert C. Mitchell,
Entered: December 15, 2009              United States Magistrate Judge

_____

[3] See: Attachment 2 to the instant petition.

4