IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MIKE BUXTON, JH-9801,
    Petitioner,

v.                      2:09-cv-1626

THE COMMONWEALTH OF
PENNSYLVANIA, et al.,
    Respondents.

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Mike Buxton for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists that a certificate of appealability be denied.

II. Report:

Mike Buxton, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In a Report and Recommendation filed on December 15, 2009, it was recommended that the petition be dismissed for failure to exhaust state court remedies.[1] That Report and Recommendation was adopted by the Court on January 6, 2010 and a notice of appeal was filed.[2] The Court of Appeals concluded that our original conclusion that the state court remedies had not been exhausted, based on what appeared to be a pending appeal and his attempts to file a post-conviction petition was erroneous in that the appeal had been discontinued in September 2009 and concluded that "Buxton's claims attacking his convictions are plainly unexhausted"; that he had no pending state court challenges, and noted that "there are strong reasons to believe that Buxton's habeas petition is now barred from review on the merits in federal court. This may be either because his claims are procedurally defaulted, or because Buxton filed his petition after the expiration of the AEDPA statute of

---

[1] See: Document No. 4.
[2] See: Documents Nos. 6 and 8.

1

limitations." For these reasons, the matter was remanded for consideration of the possible procedural default and untimeliness issues.[3] Because we conclude that the petition is subject to dismissal on either or both of these grounds, it is recommended that it be dismissed.

The procedural history of Buxton's incarceration is set forth in the September 22, 2010 Opinion of the Court of Appeals:

> Buxton entered a plea of guilty in Lawrence County, Pennsylvania, to delivery of a controlled substance, and was sentenced in November 2005 to six months to five years in prison. (Docket No. 37-cr-344-2005). The trial court 's docket reflects that Buxton filed a motion for reconsideration of the sentence, but then withdrew the motion. He did not file an appeal. In January 2009, he filed a petition under the Post-Conviction Relief Act ("PCRA"). The trial court denied the PCRA petition. Buxton appealed that ruling, but then asked that the appeal be discontinued, a request that the Superior Court granted on September 11, 2009 (Docket No. 783 WDA 2009). There is no record of Buxton having sought other review in state court.
>
> In 2008, apparently after being paroled, Buxton entered another guilty plea in Lawrence County, this time to possession with intent to deliver a controlled substance.(Docket No. 37-cr-898-2007.) He was sentenced on March 25, 2008, to one to file years in prison, consecutive to other sentences. He did not appeal or file a PCRA petition.
>
> The state trial court dockets reflect that as of June 2009, Buxton had filed letters, in both of his cases, concerning his desire to pursue PCRA review <u>nunc pro tunc</u>. Buxton, however, does not currently have a PCRA petition pending, and he has not filed any additional pleadings in state court in either case since September 2009.
>
> In December 2009, Buxton filed a pro se § 2254 petition in the United States District Court for the Western District of Pennsylvania. The habeas petition is poorly organized, but it appears that Buxton raises three grounds for relief. In grounds (1) and (2), he incorporated by reference certain pro se "briefs," which appear to be the letters that he filed in 2009 with the state trial court, and in those briefs he purports to raise various claims, including ineffective assistance of plea counsel and other challenges to the convictions and sentences. In ground (3), Buxton attacks the decision of the Pennsylvania Board of Probation and Parole ("Parole Board") to revoke his parole. A copy of the parole decision is not attached to the habeas petition, but Buxton states that his parole was revoked in April 2008. Buxton claims that the Parole Board failed conduct the revocation hearing in accordance with due process. As relief, he asks the District Court to "vacate both sentences, and resentence [him] to 28 months time

---
[3] See: Document No. 10.

served…"Alternatively, he asks that the sentences be vacated and parole reinstated.[4]

Both the Commonwealth and the District Attorney of Lawrence County have responded to the petition. No further submissions have been received from the petitioner.[5] As to the petitioner's 2005 charges, sentence was imposed on November 4, 2005. Although some post-sentence motions were filed and ultimately withdrawn, no appeal was filed. Sometime in December 2008, Buxton submitted a post-conviction motion which was denied on March 24, 2009 due to lack of jurisdiction to consider the motion on grounds that it was time barred under 42 Pa.C.S.A. § 9545(b) and its failure to demonstrate any exception as required by the same section.[6] This finding, based on state law, is conclusive here. Taylor v. Horn, 504 F.3d 416 (3d Cir.2007), cert. denied 129 S.Ct. 92 (2008).

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here we conclude that the petitioner has defaulted in invoking his state court remedies; that a procedural default has occurred and for this reason his petition is subject to dismissal.

In addition, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Id.
[5] In its answer, the Commonwealth observes that Buxton was reparoled on July 20, 2010 (Exhibit 19 to the answer of the Commonwealth), with a maximum sentence expiration date of January 20, 2014 (Exhibit 18 to the answer of the Commonwealth).
[6] See: March 24, 2009 Opinion of the Court of Common Pleas.

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, no appeal from the conviction was filed. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final in December 2005. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner untimely sought post-conviction in January 2009; relief was denied; an appeal was taken to the Superior Court and at petitioner's request discontinued. The instant petition was executed on December 3, 2009, or considerably beyond the one year period in which to seek relief expired. For this reason, the petition here is time barred and for this additional reason subject to dismissal.

The petitioner also seeks to challenge the actions of the Board in revoking his parole. The answer of the Board demonstrates that on July 7, 2006, the petitioner was paroled to serve a different sentence and on August 8, 2008 he was released from custody.[7] On July 18, 2007, he was arrested on other charges and a parole detainer was lodged.[8] Buxton pleaded guilty to the new charges and was sentenced to a one to five year period of incarceration.[9] On June 6, 2008, petitioner was recommitted as a convicted parole violator and directed to serve eighteen months backtime.[10] On December 8, 2009, Buxton was reparoled to his state detainer sentence and ultimately released from custody on July 20, 2010.[11] Apparently, the petitioner is no longer in custody.

In seeking relief here, the petitioner alleges in his third claim:

---

[7] See: Exhibits 6 and 7 to Document No.15.
[8] See: Exhibit 9 to Document No.15.
[9] See: Exhibit 10 to Document No.15.
[10] See: Exhibit 14 to Document No.15.
[11] See: Exhibits 17 and 19 to Document No.15.

4

> The Pennsylvania parole board did not conduct a preliminary hearing within 14 days, or conduct a hearing to determine whether the appellant violated parole. ... Therefore, appellant['s] parole must be reinstated.[12]

This claim is meritless. First we note that it is based on the petitioner's allegation that his revocation hearing was not conducted within 14 days as mandated by Pennsylvania law. 37 Pa.Code § 71.2(3). Thus, as a matter of state law interpretation, it does not provide a basis for relief here. Taylor v. Horn 504 F.3d 416 (3d Cir.2007) cert. denied 129 S.Ct. 92 (2008).

The record also fails to demonstrate that the petitioner raised this claim for relief in any Pennsylvania appellate courts, and for this reason, he has procedurally defaulted on this claim in state the state courts and further consideration here is barred.

The record also demonstrates that counsel entered an appearance on behalf of the petitioner and a revocation hearing was conducted on May 5, 2008.[13] Thus his challenge here which was executed on December 3, 2009, is also time barred.

Finally, we note that the relief which the petitioner seeks in this claim is that he be reparoled. The latter occurred on July 20, 2010, and so the petitioner has gained the relief he seeks in this claim and the issue is moot.

For the reasons set forth above the petition of Mike Buxton is barred from review here or moot, and it is recommended that it be dismissed. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, it is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,
s/ Robert C. Mitchell,
United States Magistrate Judge

Entered: December 16, 2010

---

[12] See: Petition at Ground Three, page 9.
[13] See: Exhibits 12 and 13 to Document No.15.